COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-06-109-CR

 

 

MICHAEL SAVAGE                                                              APPELLANT

 

 

                                                   V.

 

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

            FROM
THE 158TH DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

On July 8, 2005, appellant
Michael Savage pled guilty to murder pursuant to a plea bargain, and the trial
court assessed his punishment at confinement for life.  Appellant did not file a motion for new
trial.  On March 13, 2006, appellant
filed a notice of appeal from his conviction.








On April 4, 2006, we sent appellant a letter explaining our
concern that we lacked jurisdiction over his appeal because his notice of
appeal was not timely filed and because the trial court=s certification of
his right to appeal indicated that this is a plea-bargain case with no right of
appeal and that appellant had waived his right to appeal.  See Tex.
R. App. P. 25.2(a)(2), 26.2(a)(1). 
We also informed appellant that the appeal would be dismissed for want
of jurisdiction unless he or any party desiring to continue the appeal filed,
on or before April 14, 2006, a response showing grounds for continuing the
appeal.  See Tex. R. App. P. 44.3.  Appellant did not file a response.

Appellant=s notice of appeal
was due on or before August 8, 2005.  See
Tex. R. App. P. 26.2(a)(1).  Because appellant did not timely file a
notice of appeal, we do not have jurisdiction over this appeal.  See Slaton v. State, 981 S.W.2d 208,
210 (Tex. Crim. App. 1998); Olivo v. State, 918 S.W.2d 519, 522 (Tex.
Crim. App. 1996).

In addition, the trial court=s certification of appellant=s right to appeal states that this Ais a plea-bargain case, and the defendant has NO right of appeal@ and that appellant Ahas waived the right of appeal.@  Thus, even if we had
jurisdiction over the appeal, we would have to dismiss it.  See Tex.
R. App. P. 25.2(a)(2).








Accordingly, we dismiss the appeal for want of jurisdiction.  See Tex.
R. App. P. 43.2(f).

 

PER CURIAM

PANEL D: 
LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
June 15, 2006











[1]See Tex.
R. App. P. 47.4.